UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | No. 2:16 CR 93 |
| ) | |
| HOMER BROOKS ) | |

### OPINION and ORDER

This matter is before the court on defendant Homer Brooks' *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). (DE # 57.) For the reasons that follow, the motion is denied.

I.  **BACKGROUND**

Defendant is serving a 90-month term of imprisonment on heroin and firearm charges. He is 39 years old and has a projected release date of July 10, 2022. Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed Sept. 1, 2020). At the time of the majority of his filings, defendant was housed at USP Thomson Satellite Camp. However, defendant informed the court on August 31, 2020, that he has been moved to FPC Duluth. (DE # 73.)

Defendant moved *pro se* for compassionate release. (DE # 57.) The court appointed counsel (DE # 58), but counsel moved to withdraw after assessing defendant's case (DE # 60). Defendant has filed, and the court has considered, a number of supplements supporting his *pro se* motion. (DE ## 65, 68, 70, 71, 72.) The motion is now ripe for ruling.

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.     Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

It is unclear whether defendant properly requested compassionate release from the warden of his facility. The Seventh Circuit has not decided whether § 3582(c)(1)(A)'s

exhaustion requirement is jurisdictional. However, the court follows the rulings of other district courts in this circuit and finds that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claim-processing rule. *See, e.g., United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020). Accordingly, the court may consider the present motion regardless of the existence of proof of exhaustion.

## 2.     Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: the defendant "is suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or there exists some other extraordinary and compelling reason

3

justifying a reduction in the defendant's term of imprisonment.[1] U.S.S.G. § 1B1.13 cmt. n.1.

Defendant, age 39, states that he has a history of swelling breast tissue and chest pains, asthma, borderline diabetes, borderline high blood pressure, high cholesterol, and seizures. (DE # 57 at 6-7, DE # 65, 68, 70.) While defendant is not in perfect health, these circumstances are not extraordinary or compelling reasons justifying early release from prison. Defendant's ability to provide self-care does not appear affected by his maladies, nor is defendant experiencing particularly severe health conditions which might justify compassionate release. To the extent that defendant argues that his condition makes him more susceptible to COVID-19, the court notes that FPC Duluth currently has only four confirmed inmate cases of COVID-19. Federal Bureau of Prisons, *Coronavirus,* https://www.bop.gov/ coronavirus/ (last accessed Sept. 1, 2020). The mere existence of a small number of cases of COVID-19 at defendant's prison cannot justify compassionate release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP

---

[1] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

4

generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release.").

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). Defendant has not established that his circumstances justify such extraordinary relief. Accordingly, his motion is denied.

### III.     CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 57). The motions to seal at DE ## 66 and 69 are **GRANTED.** The Clerk is to **TERMINATE** the pending status of the filings at DE # 67, 68, 72, as they are not motions.

**SO ORDERED.**

Date: September 1, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT